UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL CASEY, et al., )
)
    Plaintiff(s), )
)
vs. ) Case No. 4:08CV01701 JCH
)
ACCEL MORTGAGE SERVICES, INC., )
et al., )
)
    Defendant(s). )

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand Claims Against Defendants North American Savings, Heartland Bank and ABN Amro (Doc. No. 11). This matter is fully briefed and ready for disposition.[1]

The plaintiffs originally filed this action in the Circuit Court of St. Louis Count, Missouri in March 2002, Cause No. 02CC-01055. (Memorandum in Opposition, p. 3). The plaintiffs alleged that the lender defendants engaged in the unauthorized practice of law by charging fees for preparing certain loan documents. (Id.) In November 2002, the Circuit Court dismissed four of the named mortgage lenders (North American Savings Bank, F.S.B., North American Mortgage Company[2], Heartland Bank, and ABN AMRO Mortgage Group, Inc.), which are federal savings banks. (Id., pp. 3-4). In September 2007, the litigation against the other defendants concluded. The six plaintiffs in this action filed notices of appeal regarding the 2002 dismissal of their claims against the federal

---

[1]Defendants filed their Memorandum in Opposition to Plaintiffs' Motion to Remand ("Memorandum in Opposition"), filed on November 18, 2008 (Doc. No. 17), but Plaintiffs have not filed a reply.

[2]North American Mortgage Company was wholly owned by Washington Mutual Bank at all times relevant to these proceedings. (Memorandum in Opposition, p. 4).

savings banks. (Id., p. 4) The appeal was briefed before the Missouri Court of Appeals, Eastern District. (Id.) While the appeal was pending in the Missouri Appellate Court, the Office of Thrift Supervision (OTS) declared Washington Mutual Bank insolvent and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for Washington Mutual Bank. (Id., p. 4). The FDIC, in its capacity as receiver for Washington Mutual Bank, successor-in-interest to NAMCO, removed the appeal to this Court on November 6, 2008. (Doc. No. 1).

On November 10, 2008, Plaintiff Michael Crider moved to dismiss his appeal of the Circuit Court judgment entered in favor of North American Mortgage Company ("NAMCO"). (Doc. No. 10). In his Motion, Mr. Crider stated his desire to abandon his claims because "there is no reasonable likelihood of any recovery by Crider should he be successful in his appeal." (Id., p. 2). On that same day, the remaining plaintiffs moved to remand this action to state appellate court. (Doc. No. 11).

The procedural history of this case is similar to that in Metro North State Bank v. Gaskin, 34 F.3d 589 (8th Cir. 1994). In that case, Metro North had been granted summary judgment in circuit court against the appellants. Id. at 591. The appellants appealed the case to the Missouri Court of Appeals. While the case was on appeal, Metro North was declared insolvent and the FDIC was appointed as receiver. Id. Upon removal to the United States District Court for the Western District of Missouri, the District Court reentered the judgment of the circuit court, granting summary judgments to the FDIC and the Missouri Bridge Bank against the appellants. Id. The appeal to the Eighth Circuit followed. Id.

Here, the parties agree that upon the FDIC being appointed as receiver, this case was properly removed to federal court. See Memorandum in Opposition, p. 3; Brief in Support of Motion to Remand Claims Against Defendants North American Savings, Heartland Bank and ABN AMRO, Doc. No. 12, pp. 1-2. The main disagreement between the parties is this Court's

role is with respect to plaintiff Crider's Motion to Dismiss and any collateral motions thereto. Plaintiffs believe that this Court has the right and/or ability to grant plaintiff Crider's Motion to Dismiss and, consequently, to grant the remaining plaintiffs' motion to remand. Defendants, in contrast, believe that Eighth Circuit law requires that the "district court [] takes the state court judgment as it finds it, prepares the record as required for appeal and forwards the case to a federal appellate court for review." Metro North State Bank, 34 F.3d at 591-92 (quoting FDIC v. Meyerland Co., 960 F.2d 512, 520 (5th Cir. 1992), cert. denied, 122 L.Ed. 2d 123, 113 S. Ct. 967 (1993)). Defendants do not believe that this District Court can grant Mr. Crider's Motion to Dismiss, but that Motion is solely within the province of the Eighth Circuit.

This Court agrees with the well-reasoned authority in Metro North State Bank. As evidenced by Metro North, when a case is pending in the state appellate court and then removed to the federal court, the District Court must enter the judgment of the circuit court and then transfer the case to the Eighth Circuit for continuation of the appeal. This Court hereby enters and adopts the judgment of the state circuit court and transfers this case to the Eighth Circuit to address plaintiff Crider's Motion to Dismiss and the remaining issues on the appeal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand Claims Against Defendants North American Savings, Heartland Bank and ABN Amro (Doc. No. 11) is **DENIED** without prejudice.

**IT IS HEREBY FURTHER ORDERED** that the judgment of the state court, St. Louis Count Circuit Court Case No. 02CC-01055, including the November 13, 2002 order granting Defendants North American Savings, Heartland Bank and ABN Amro's Motion to Dismiss, be entered in and adopted by this Court.

**IT IS HEREBY FURTHER ORDERED** that the Clerk of this Court shall prepare the record in this case and transfer it to the Eighth Circuit for further disposition of the appeal.

Dated this <u>30th</u> day of December, 2008.

<u>/s/ Jean C. Hamilton</u>

UNITED STATES DISTRICT JUDGE
